## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Syed Ali ) | Case No. |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| ) | **Judge:** |
| ) | |
| ) | **Magistrate:** |
| v. ) | July Demand Requested |
| ) | |
| National Credit Adjusters ) | |
| 327 West 4th St. ) | |
| Hutchinson, KS 67504-3023 ) | |
| ) | |
| Defendant ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## **INTRODUCTION**

1. Plaintiff, Syed Ali, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Midland Credit Management, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. Any provision in the "privacy notice" of a debt collection letter that requires consumers to "opt-out" of a collection agency's sharing of information to third parties is a violation of 15 U.S.C. 1692e(5) and 1692e(10). *Miller v. Midland Credit Management, Inc.*, 621 F. Supp. 2d 621 (N.D. Ill., 2009)

## **JURISDICTION AND VENUE**

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337,

1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff, Syed Ali (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. The Plaintiff's name is Syed Ali.
8. Plaintiff is a resident of the State of Illinois.
9. Defendant, National Credit Adjusters.. ("Defendant"), is a Kansas business entity with an address of 327 W. 4th Street, Hutchinson, Kansas 67504-3023 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
10. Unless otherwise stated herein, the term "Defendant" shall refer to National Credit Adjusters.
11. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

12. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
13. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

## ALLEGATIONS

14. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $4,697.74 (the "Debt") to an original creditor (the "Creditor")
15. The Debt was purchased, assigned or transferred to Defendant for

collection, or Defendant was employed by the Creditor to collect to Debt.

16. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

17. On January 25, 2019, Defendant mailed a dunning letter to Plaintiff a collection letter.  See Exhibit A.

18. On or about February 1, 2019, Plaintiff received said letter.

19. On back of said letter it states "<u>IMPORTANT NOTICE ABOUT YOUR PRIVACY</u>."  See Exhibit A.

20. Under that, it states "[A]s permitted by law, we may share all of this information with our affiliates as well as third parties who perform services on our behalf or with whom we have a joint marketing agreement or who assist in maintaining your account.  You may direct us not to disclose non-public personal information with our affiliates or third parties by contacting us by letter or phone."  See Exhibit.

21. Defendant is telling the plaintiff that unless Plaintiff takes an affirmative step, Defendant will share his personal information with "third parties."

22. The Defendant's "opt-out" provision is a clear violation of 15 U.S.C. 1692e(10) in that it is telling Plaintiff it has the ability to disclose information with third parties.

23. The Defendant's "opt-out" provision is a clear violation of 15 U.S.C. Section 1692e(5) by threatening to take action that is illegal under 15 U.S.C. Section 1692c(b).

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. Section 1692e in that it is threatening to take action that it can not legally take.

26. The Defendant's conduct is violating 15 U.S.C. Section 1692e by misleading the Plaintiff as to what actions it could take in the collection of the debt.
27. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff